A.M.S., By and Through Her Next
Friend, M.E.S., and M.E.S.,
Individually, Plaintiffs/Respondents,

v.

J.L.B., Defendant/Appellant.

No. 49626.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 24, 1985.

Rehearing Denied June 19, 1986.

Jeffrey S. Paull, Clayton, for appellant.

Frank A. Conard, St. Charles, for respondents.

---

1. The parties have stipulated that the word contained in the trial court's handwritten order is "mistakes."

REINHARD, Judge.

Defendant appeals from an order granting plaintiffs, mother and daughter a new trial in a court-tried paternity suit. We reverse.

Plaintiffs filed a two count petition seeking a declaration that defendant was the natural father of daughter, born on January 2, 1984. They also requested that the court place custody with mother and order defendant to pay child support. At trial defendant denied that he was the father of the child, and testified that he did not see mother after January 22, 1983. Mother testified that she was engaged to P.M. during April 1983 when her child was allegedly conceived, but continued to have sexual relations with defendant. She further stated she had sexual relations with P.M. prior to their engagement; however, during the period of time she was "seeing" defendant she ceased relations with P.M. When P.M. discovered that mother was pregnant, the engagement was broken.

The court found that plaintiffs failed to sustain their burden of proof, and entered judgment in favor of defendant on December 18, 1984. On December 28, 1984, plaintiffs filed a motion for new trial in which they asked the court "to find that the defendant perjured himself in matters which influenced [the] court's original decision." Affidavits of several witnesses were attached to the motion and indicated that the defendant and mother continued to see each other after the period testified to by defendant.

On January 21, 1985, the trial court issued the following order:

The court finds that based on mistakes[1] by the defendant made at the original trial that affected the decision of the Court, Plaintiff's Motion for New Trial should be sustained. Wherefore, Plaintiff is granted a new trial.

■ Plaintiffs' motion for new trial was based upon the alleged perjury of defendant. The granting of a new trial on

the ground of perjury requires a showing that the witness willfully and deliberately testified falsely. *Humfeld v. Langkop*, 591 S.W.2d 251, 254 (Mo.App.1979). "In this regard perjury is more than and must be distinguished from a mere mistake in testimony." *Id.* The trial court based its order granting a new trial on mere "mistakes," and therefore was in error. Furthermore, had the order referred to perjury instead of mistakes, we believe it would be insufficient because of its failure to specify which testimony was false. In order for an appellate court to properly review the granting of a new trial based on perjury, it is essential that the alleged perjury be identified.

The judgment is reversed.

DOWD, P.J., and CRIST, J., concur.